IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:99-cr-30216-DWD |
| | ) |
| JOHN J. SECO DE LUCENA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant John J. Seco de Lucena's *pro se* motion for compassionate release pursuant to the First Step Act of 2018 (Doc. 238). The United States has responded (Doc. 244) and, shortly after responding, filed a notice advising the Court of supplemental authority (Doc. 245). Seco de Lucena has replied (Doc. 252). He has also filed several supplemental pleadings (Docs. 241, 242, 246, 249, 251, 253-258) and a motion to appoint counsel (Doc. 250).

Seco de Lucena asks the Court to reduce his sentence to time served, arguing that post-sentencing changes enacted as part of the First Step Act constitute extraordinary and compelling circumstances warranting compassionate release. Specifically, he contends that, if sentenced today, his term of imprisonment would be substantially lower. He also claims that his mother has a heart condition, and that his wife, whom he recently married in prison, has cancer. According to Seco de Lucena, if released, he would help to care for his wife and mother. For the reasons set forth below, the Court finds that Seco de Lucena

has failed to establish an extraordinary and compelling reason for compassionate release. Accordingly, his motion for a sentence reduction (Doc. 238) is **DENIED**.

## BACKGROUND

On December 4, 2000, Seco de Lucena pled guilty, without a written agreement, to conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); manufacturing over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 6, & 7); maintaining a place to manufacture methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (Count 8); and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) (Count 10) (Doc. 144 ¶¶ 7, 8, 9, 10, 12). The superseding indictment also contained a penalty enhancement for Counts 1 through 7 providing that Seco de Lucena had a prior conviction for a felony drug offense, a 1995 unlawful possession of marijuana for sale in California ("1995 marijuana conviction"). (Doc. 144 ¶ 13).[1]

Seco de Lucena's presentence report ("PSR"), which was prepared using the 1998 edition of the Guidelines Manual, found that Counts 1 through 10 grouped pursuant to U.S.S.G. § 3D1.2(c) & (d) (Doc. 144 ¶ 47). Because Count 1 was the most serious of the group, it was used to calculate the guidelines pursuant to § 3D1.3(a) (Doc. 144 ¶ 47). Seco de Lucena had a base offense level of 28, but two levels were added for possession of a

---

[1] The government agreed to dismiss Count 9 at the time of sentencing (Doc. 144 ¶ 14).

dangerous weapon which provided for a total offense level of 30 (Doc. 144 ¶¶ 49, 50, 56). The PSR also found that Seco de Lucena was a career offender after it identified two or more prior felony drug convictions and crimes of violence as defined in § 4B1.1: (1) the 1995 marijuana conviction and (2) a 1991 residential burglary conviction in St. Clair County, Illinois (Doc. 144 ¶¶ 57, 62, 63). The career offender finding increased Seco de Lucena's total offense level to 37 (Doc. 144 ¶ 57).

At sentencing, Seco de Lucena raised a single objection to the PSR, namely, that it failed to afford him a two-level reduction for acceptance of responsibility. The court granted the reduction, bringing his total offense level to 35 (Doc 144; Doc. 152, p. 3). *See also United States v. Seco de Lucena*, 27 F. App'x 685, 687 (7th Cir. 2001).

Based on a total offense level of 35 and a criminal history category of VI, Seco de Lucena's guideline imprisonment range was 360 months to life (Doc. 144 ¶ 95; Doc. 152, pp. 2-3). However, the maximum term of imprisonment which could be imposed at that time was as follows: Counts 2, 4, 5, 6, and 7, 360 months; Count 8, 240 months; and Count 10, 120 months (Doc. 144 ¶ 95). Seco de Lucena was sentenced to 360 months' imprisonment (Docs. 143, 146, 152).

On June 1, 2001, Seco de Lucena filed a timely notice of appeal. *See United States v. Seco de Lucena*, 27 F. App'x 685 (7th Cir. 2001). His appellate counsel, however, filed an *Anders* brief, and the appeal was subsequently dismissed. *Id.* Since the denial of his appeal, Seco de Lucena has sought a sentence reduction under Amendment 782 and has pursued multiple collateral challenges to his sentence, all of which have been unsuccessful (Doc. 244).

3

## APPLICABLE LAW

**A.   Compassionate Release Standard**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A) (2018). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…"

The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, provides four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

When a motion for compassionate release is filed by a defendant (as opposed to the Director of the Bureau of Prisons), U.S.S.G. § 1B1.13 is not binding. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that

4

should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the Bureau of Prison's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies.[2] Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. The movant bears the burden of showing that he is entitled to relief, and the Court has discretion to determine whether the defendant satisfied that burden. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

**B.      First Step Act Sentencing Reforms**

The First Step Act of 2018 enacted sentencing reforms that included reducing the mandatory minimum sentences for certain drug convictions. In December 2018, Congress and the President enacted the First Step Act, Pub. L. No. 115-391. Section 401 of the First Step Act reduced the statutory mandatory minimum penalties pursuant to 21 U.S.C. §§ 841 and 851 for defendants found to have certain prior convictions. *Id.* § 401(a). The First Step Act also changed the category of qualifying offenses from a "felony drug offense" to a "serious drug felony" or a "serious violent felony." *Id.* A "serious drug felony" is a drug felony punishable by more than ten years imprisonment

---

[2] The United States does not contend that Seco de Lucena failed to exhaust his administrative remedies.

5

for which the offender was released from prison within fifteen years of the new offense after serving at least twelve months in prison. *Id.*; 18 U.S.C. § 924(e)(2).

C.    *United States v. Thacker*

In *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), the Seventh Circuit considered whether sentencing disparity created by a non-retroactive section of the First Step Act (Section 403), could serve as extraordinary and compelling circumstances supporting compassionate release. The defendant in *Thacker* was sentenced in 2002 to a mandatory minimum 32-year sentence. Following the enactment of the First Step Act, the mandatory minimum sentence was reduced resulting in an 18-year disparity. The defendant argued the sentencing disparity, along with his health conditions, satisfied the extraordinary and compelling requirement. *Id.* at 571-72.

The Seventh Circuit rejected the defendant's argument. The court of appeals determined that Congress made a "deliberate" choice to apply relief under Section 403 prospectively. *Id.* at 573. It recognized that § 3852(c)(1)(A) affords district courts with discretion to shorten terms of imprisonment but made clear that this discretion "only goes so far." *Id.* at 574. According to the court of appeals, district courts do not have discretion to "upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c)." *Id.* The Seventh Circuit also made the following observation:

> We harbor broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress. We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that

6

>the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

*Id.*

The court of appeals did not prohibit district courts from ever considering changes in sentencing as part of the compassionate release analysis. Rather, the court expressly endorsed consideration of Section 403 when weighing the § 3553(a) factors, but only after the district court first finds extraordinary and compelling circumstances. *Id.* at 575–76 (citing *United States v. Black*, 999 F.3d 1071 (7th Cir. 2021). But the court of appeals made it clear that the required extraordinary and compelling reason supporting compassionate release "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." *Thacker*, 4 F.4th at 576.

## DISCUSSION

### A. Extraordinary and Compelling Reasons

#### 1. Change in Law in the First Step Act

Seco de Lucena's primary argument is that if he were sentenced today, he would not qualify for enhanced punishment under § 851 because § 401 of the First Step Act changed the requirements for predicate drug offenses. As previously noted, the First Step Act reduced mandatory minimum penalties for some drug offenders and changed the conditions under which the mandatory minimum penalties apply. Section 401 of the First Step Act, however, does not apply retroactively. *United States v. Coleman*, 830 F. App'x

7

769, 770 (7th Cir. 2020) ("Section 401, which did reduce the enhanced sentences for defendants with some prior drug felonies, is *not* retroactive.") (emphasis supplied). As a result, *Thacker* forecloses any claim of extraordinary and compelling circumstances based on Section 401's amendment to 21 U.S.C. § 841.

Although not entirely clear, Seco de Lucena also appears to contend that, if sentenced after passage of the First Step Act, he would not qualify as a career offender under U.S.S.G. §4B1.1. This is incorrect. The First Step Act did not change the definition of offenses that qualify for career offender status under § 4B1.1. *See United States v. Wiseman*, 932 F.3d 411, 420 (6th Cir. 2019). Accordingly, the First Step Act does not affect Seco de Lucena's career offender status and does not provide an extraordinary and compelling reason warranting compassionate release.

### 2. Family Circumstances

Seco de Lucena claims that his mother has a heart condition, and that his wife, whom he married in prison, has cancer. He maintains that, if released, he would help to care for his wife and mother. While the Court is sympathetic, it does not find the circumstances described are extraordinary or compelling. Many inmates have loved ones who are suffering from illness. The alleged condition of Seco de Lucena's mother and wife are unfortunate, but they do not amount to an extraordinary and compelling reason warranting release.

### B.   Sentencing Factors

For the reasons described above, the Court finds that Seco de Lucena failed to identify an "extraordinary and compelling" reason warranting a sentence reduction.

Therefore, the Court need not consider the sentencing factors under § 3553(a), including Seco de Lucena's arguments as to rehabilitation. Nevertheless, the Court observes that the nature of the acts for which Seco de Lucena is currently incarcerated and his disciplinary record while incarcerated (which includes 23 violations) counsel against compassionate release.

## MOTION TO APPOINT COUNSEL

Seco de Lucena also has a motion to appoint counsel pending (Doc. 250). The compassionate release motion is not particularly complex, and Seco de Lucena appears well able to represent himself in this matter. Therefore, the Court will not appoint counsel.

## CONCLUSION

For these reasons, Seco de Lucena's motion for compassionate release (Doc. 238) and motion to appoint counsel (Doc. 250) are **DENIED**.

**SO ORDERED.**

Dated: February 28, 2022

_____
DAVID W. DUGAN
United States District Judge